HENRY MITCHELL, Plaintiff in Error,

*vs.*

THEODORE L. PILLSBURY, Defendant in Error.

ERROR TO RACINE CIRCUIT COURT.

A tax *lawfully* assessed upon land conveyed by deed, at the time of conveyance, which the covenantee was obliged to pay in order to prevent a sale of the land, or to redeem it after a sale had taken place, and which he had actually paid, constitutes a breach of a covenant against incumbrances.

A tax, to be an incumbrance, such as would constitute a breach of a covenant against incumbrances, must be a lawful tax, legally levied, upon a lawful assessment.

In an action of covenant against incumbrances, where the breach is assigned upon an outstanding tax, or tax and sale therefor, a variance between the description of the premises contained in the deed, and that contained in the assessment roll, is immaterial, provided the same land is adequately and particularly described in each, though by different words.

Chapter 128, section 11, providing for one assessor for the city of Racine, instead of five, one for each of the five wards, as required by the original charter, was intended to assimilate the duty of the assessor, as nearly as possible, to that of the town assessors, and to have their duties uniform, in regard to the certificate attached to their return; and a certificate made by him in the form of that required of the town assessors (in other respects answering to the charter) is sufficient, and such as is required by law.

The making oath to such a certificate, when no oath is required by law, does not vitiate it, provided it be in other respects sufficient.

THIS case was an action of covenant against incumbrances, originally brought before a justice of the peace, by the plaintiff in error against the defendant in error, and appealed to the Circuit Court. At the October term, A. D. 1855, the plaintiff obtained judgment, which was reversed on error at the last June term of this court, and the cause was remanded for further proceedings. At the October term, 1856, of the Racine circuit, the cause came on again for trial upon new pleadings filed by leave of the court.

The declaration was in covenant upon a deed executed by the defendant to the plaintiff, June 11, 1855. The breach assigned

was upon a covenant against incumbrances, and consisted in the non-payment of certain taxes levied on the premises in the year 1854. The plea was, *non infregit conventionem.* The cause was tried by the court, a jury having been waived.

To maintain the issue on his part, the plaintiff gave in evidence a deed executed by the defendant and wife to the plaintiff, June 11, 1855, conveying certain premises described therein as follows:

" All those certain pieces or parcels of land situate in the city and county of Racine, and state of Wisconsin, known and described as follows, to wit: The west third of the east half, and the east third of lot No. 2, in block No. 18, according to the original plat of the village (now city) of Racine, made by Moses Vilas, surveyor, and recorded in the office of register of deeds of the county of Racine."

And in and by the said deed the defendant covenanted, that at the time of the delivery thereof he was well seized of the premises of an indefeasible estate of inheritance, in fee simple; that the same were free and clear from all liens and incumbrances whatever, except a mortgage for the sum of three hundred dollars, executed by Thomas Wright and wife, March 28, 1853, to Julia Ann Smith, and also except a certain other mortgage executed by the defendant to James H. Hinds, administrator, for the sum of one thousand dollars; also a covenant for quiet enjoyment, &c.

The plaintiff then offered in evidence the original village or city plat, to show the width of lot 2 in block 18 from north to south, which was objected to, but the objection was overruled and the evidence admitted, from which it appeared that said lot 2 is 60 feet in width from north to south, and 120 feet from east to west.

The plaintiff next offered in evidence the original assessment roll of the city of Racine for the year 1854, with the assessor's return thereto, which was in words and figures following, to wit:

" *City of Racine, June* 30, 1854.

" I do certify that I have set down in the foregoing assess-

ment roll all the real estate situated in the city of Racine, liable to be taxed according to my best information, and that with the exception of those cases in which the value of the said real estate has been fixed by affidavit, made pursuant to law, I have estimated the same, at what I believe to be the true cash value thereof; that the said assessment roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person named in said roll as nearly as I could ascertain the same, and excluding such stocks as are otherwise taxable. And that with the exception of those cases in which the value of such personal estate has been sworn to by the owner, possessor or agent, I have estimated the same at its true cash value, according to my best information and belief.

" W. BESWICK, *City Assessor*.

" Subscribed and sworn before me this 30th day of June, A. D. 1854. ISAAC HARMON, *Notary Public*."

And offered to read from said roll the following items which appeared therein:

| Resident Owners. | Non-res. Owners. | Description. | Lot | Bl'k. | Value of each Lot. | Valuation of all lots. | Value of Per. prop. |
|---|---|---|---|---|---|---|---|
| T.Wright's Estate. | | East 1-2 | 1 | 18 | $500 | | |
| "          " | | e1-2n20ft | 2 | 18 | 50 | | |

To the reading of which the defendant objected.

1st. Because the description of the property proposed to be read is different from that described in the deed.

2d. Because the return of the assessor is not in accordance with the city charter and the law of the land.

The circuit judge overruled the first objection, but sustained the second, and rejected the evidence, to which the plaintiff excepted. This evidence being essential to the plaintiff's recovery, and no further evidence being offered, the court directed a judgment of nonsuit to be entered against the plaintiff. The plaintiff excepted to these several rulings in the court below, and thereon has brought the case in error to this court.

The only point really in controversy, and presented for the consideration of this court, was the sufficiency of the return, or

certificate of the assessor of the city of Racine to the assessment roll of 1854.

*J. W. Carey*, for the plaintiff in error, insisted that the return of the assessor was a substantial requirement with the statute, and he cited the several provisions relating to the subject. *Charter of Racine City, Sess. Laws, June,* 1848, *p.* 94, § 38 ; *Sess. L.* 1851, *chap.* 128, § 11; *R. S. chap.* 15, § 33.

*Ira C. Paine*, for the defendant in error, contended that the assessment of 1854 was illegal, and that, therefore, the tax based thereon, and alleged as an incumbrance upon the premises, was no incumbrance; that the return of the assessor was not in compliance with the statute; that it did not purport to contain *all* the taxable property of the city; that the certificate was not in accordance with the charter, and though sworn to, was not an affidavit such as the charter required. He cited the same provisions of the statute as before referred to, and to which reference is made in the opinion of the court.

*By the Court*, WHITON, C. J. We think that the nonsuit in this case was wrongly ordered.

There can be no doubt, we suppose, that if there was a tax lawfully assessed upon the land at the time of the conveyance, which the covenantee was obliged to pay, in order to prevent a sale of the land, or to redeem it after a sale had taken place, and which he had actually paid, the covenant against incumbrances was broken.

Indeed, this does not appear to be disputed by the counsel for the defendant in error; the only question being, whether there was, in fact, such a tax lawfully existing.

To establish the affirmative of this proposition, the plaintiff in error offered in evidence the assessment roll of the city of Racine, for the year 1854, with the certificate or affidavit of the assessor.

To the introduction of this evidence, the defendant in error objected, for the reason: 1st. Because the land conveyed in the deed was not described in the assessment roll, and, 2d. Because the return of the assessor was not in accordance with the charter of the city of Racine.

The judge overruled the first objection, but sustained the second. We think the judge was clearly right in overruling the first objection. The description of the land in the assessment roll is different from the description contained in the deed; but it is quite apparent that the same land is described in each. *Id certum est, quod certum reddi potest.*

But we are of the opinion that the judge erred in rejecting the evidence offered for the alleged reason that the certificate or affidavit of the assessor was not in accordance with the statute of the state. The charter of the city of Racine (*Sess. L.* 1848, *p.* 81, § 16), provided for an assessor for each ward, while section 38 provided that the assessment roll should be returned to the clerk in the month of May, with an *affidavit* of the assessor that the assessment roll comprised all the real and personal property liable to taxation in the ward for which he was elected.

The Revised Statutes which went into effect in 1850, provide (*chap.* 15, § 33) that assessors shall attach a *certificate* to the assessment roll, like the certificate or affidavit which was attached to the assessment roll which was offered in evidence in this case. The session laws of 1851 (*chap.* 128, § 11) provide that there shall be but one assessor for the city of Racine, and that his duties shall be the same as provided for in the act incorporating the city; and as town assessors have, except that it shall be his duty to assess all the taxable property in said city, and complete his assessment roll during the months of May and June of each year, and deliver the same to the clerk. The act last above referred to, contains other provisions relating to the duty of the assessor of the city, but they do not appear to relate to the matters involved in the decision of the judge.

It is contended by the counsel for the plaintiff in error, that the act of 1851, before referred to, provides that the duty of the assessor in regard to the certificate, shall be the same as that of

town assessors as fixed in the clause of the Revised Statutes, to which we have referred, or if this is not the case, that by making oath to the certificate, the assessor substantially complied with the requirements of the original charter, and also with the Revised Statutes. It will be seen that a literal compliance with the provisions of the Revised Statutes in relation to the duty of town assessors, and with the provision contained in the original charter of the city in relation to the city assessors, is impossible, unless, indeed, the assessor should make the affidavit as required by the charter, and a certificate, as town assessors are required to do by the Revised Statutes; and we cannot suppose that it was the intention of the legislature to impose this duty upon him. We are inclined to think that it was the intention of the legislature to assimilate the duty of the city assessor to that of the town assessors as near as possible, so as to have the duties of these officers uniform. The certificate which was offered in this case was therefore the one which it was the duty of the assessor to make, and should have been so held by the circuit judge. The fact that the assessor made oath to it, cannot have changed its character. It was still a certificate, and should have been so regarded.

It follows that judgment of the Circuit Court must be reversed.

Judgment reversed, with costs.