Bredwell v. The Loan & Investment Company.

*D. H. McIntyre*, Attorney General, for the State.

BREDWELL v. THE LOAN & INVESTMENT COMPANY, *Appellant.*

**Justices' Courts:** JURISDICTION. A justice of the peace has no jurisdiction of an action for a breach of covenant of warranty of title to real estate.

*Appeal from Jackson Special Law and Equity Court.—*HON. R. E. COWAN, Judge.

REVERSED.

*M. Campbell* for appellant.

*David Ellison* for respondent.

HENRY, J.—This suit originated in a justice's court, and is for the recovery of damages for an alleged breach of warranty of title to a lot or parcel of land conveyed by appellant to respondent. Plaintiff had judgment in the justice's court, and again in the law and equity court of Jackson county, to which the case was appealed, and the defendant has appealed from the latter judgment to this court.

The statute, section 2837, Revised Statutes, expressly declares that: "No justice of the peace shall have jurisdiction to hear or try any action where the title to any

lands or tenements shall come in question and be in issue."
This suit is for an alleged breach of the warranty of title.
If there has been no breach of that warranty, plaintiff can-
not maintain his action. If there has been a breach of that
warranty, and the suit is based upon that breach, how can
it be said, that the title to the land does not come in ques-
tion. The title, to the extent of the adverse claim, whether
such claim be of a fee or of a less estate, necessarily comes
in question. All concurring, the judgment is reversed.