## PAUL CUMMINGS *v.* HERMAN HOLT.

*Covenant, Breach of.　Incumbrance.　Tax Sale when Illegal.
Voluntary Payment.　R. L. s. 380.*

1. The defendant conveyed to the plaintiff a farm with covenants against incumbrances, ten acres of which farm had been sold by the collector to satisfy taxes assessed against a former owner. The tax sale was illegal; but the plaintiff redeemed. *Held,* that there was no breach of covenant; that the sale under the warrant, payment by the bidder, and redemption by the plaintiff, operated to extinguish the taxes, without conferring rights; that it was a voluntary payment, not recoverable of the grantor.
2. Taxes may be an incumbrance; and this is so, even before a sale by the collector.
3. It was incumbent on the plaintiff to establish a subsisting incumbrance at the time he received his deed.
4. TAX SALE *is illegal,* without a strict and literal compliance with the statute; thus, when the collector failed to post a notice in some public place in town ten days before the sale; also, when he sold for a larger sum than he was entitled to, the sale was held fatally defective. Nothing is presumed in favor of proceedings *in invitum.*

ACTION of covenant for breach of covenant against incumbrances contained in deed of land. Pleas, first, that defendant had not broken his covenant; second, that the premises were free of incumberance, etc. Trial by court, May Term, 1882,

Windsor County, Rowell, J., presiding. Judgment for the defendant to recover his cost. The plaintiff at the time of the conveyance knew of the tax sale ; and the defendant gave him a bond conditioned to save him harmless from its effect. The other facts are stated in the opinion.

*French & Southgate*, for the plaintiff.

The taxes were an incumbrance which constituted a breach of covenant. Gen. St. C. 83, s. 11. Plaintiff could pay off the taxes and recover them on the covenant, whether the tax sale was void or not. *Alden* v. *Parkhill*, 18 Vt. 250 ; *Turner* v. *Goodrich*, 26 Vt. 707 ; *Delaierge* v. *Norris*, 7 Johns. 357 ; *Sprague* v. *Baker*, 17 Mass. 586 ; *Stannare* v. *Eldredge*, 16 Johns. 254. The fact that the plaintiff knew of the unpaid taxes does not change the result. *Kellogg* v. *Ingersoll*, 2 Mass. 97 ; *Butler* v. *Gale*, 27 Vt. 739 ; *Bean* v. *Mayo*, 5 Greenl. Rep. 94 ; *Ingersoll* v. *Jackson*, 9 Mass. 495. The sale was legal. It will be presumed that notice was properly posted. R. L., s. 392 ; *Sheafe* v. *Wait*, 30 Vt. 735 ; *Hutchins* v. *Moody*, 34 Vt. 433 ; 37 Vt. 313. The lien continues till the tax is paid. *Hayden* v. *Foster*, 13 Pick. 492 ; *Flint* v. *Whitney*, 28 Vt. 680.

*H. Holt*, for the defendant.

The plaintiff must show that the title of the collector was paramount as well as lawful, and that the incumbrance was a valid one. *Gleason* v. *Smith*, 41 Vt. 296 ; *Knapp* v. *Marlboro*, 34 Vt. 240 ; *Loomis* v. *Bedel*, 11 N. H. 84 ; *Hamilton* v. *Cutts*, 4 Mass. 353 ; *Turner* v. *Goodrich*, 26 Vt. 708 ; *Marston* v. *Hobbs*, 2 Mass. 439 ; *Hutchins* v. *Moody*, 34 Vt. 433 ; Cooley Tax. 352, 368 ; *Tilson* v. *Thompson*, 10 Pick. 359. Tax sale invalid. *Wallingford* v. *Fiske*, 24 Me. 391 ; *Alexander* v. *Pitts*, 7 Cush. 505 ; *Drew* v. *Davis*, 10 Vt. 508. The statute must be literally complied with. *Judevine* v. *Jackson*, 18 Vt. 470 ; *Sumner* v. *Sherman*, 13 Vt 609 ; Blackwell Tax Titles, 125, 355. The payment was voluntary. Cooley Tax. 542, 567 ; *Detroit* v. *Martin*, 22 Am. Rep. 515.

The opinion of the court was delivered by

Ross, J. February 17th, 1878, the defendant conveyed to the plaintiff a farm. The conveyance contained the usual covenant, that the premises were free from incumbrances. In this action the plaintiff is seeking to recover damages for the alleged breach of this covenant. To sustain the action it is incumbent upon the plaintiff to show an incumbrance resting upon the premises at the time of the conveyance. *Hutchins* v. *Moody*, 30 Vt. 655.

The plaintiff claims that the taxes assessed upon the premises for the years 1876 and 1877 to George C. Adams, who was then the owner of the farm, by the proceedings of the collector of taxes, had become such an incumbrance, when he received his deed from the defendant. Under certain circumstances and after proper proceedings on the part of the collector, taxes duly assessed upon real estate, become an incumbrance thereon, which a purchaser may yield to, and recover for paying, under the covenant in his deed against incumbrances. *Hutchins* v. *Moody*, 34 Vt. 433.

They may become such before the sale of the premises by the collector in satisfaction of the taxes. *Hutchins* v. *Moody*, 34 Vt. 433.

If there is an incumbrance resting upon the premises at the time of the conveyance, the purchaser may yield to, and remove it by payment without suit, and recover for a breach of the covenant in his deed against incumbrances. If he pay without suit and a legal determination of whether such incumbrance existed when he received his deed, and without vouching in his grantor to defend, he takes the burden, in a suit for a breach of the covenant in his deed, of showing the validity of the claimed incumbrance, which he has removed. *Turner* v. *Goodrich*, 26 Vt. 707.

If he fails to establish a valid, subsisting incumbrance, at the time he received his deed, his payment thereof will be voluntary and cannot be recovered of the grantor.

Before the conveyance by the defendant to the plaintiff

Cummings *v.* Holt.

December 3d, 1877, the collector of taxes had sold a portion of the premises on his tax warrants and received from the purchaser the amount of the taxes assessed on the premises for the years 1876 and 1877. The taxes, as such, thereby became satisfied, at least *prima facie*. In the consideration of this case, it is not necessary to inquire, nor to decide, whether, if that sale were inoperative to convey the title to the purchaser, such purchaser could have recovered back from the collector or the town, the money thus paid, nor, whether, in such a case, the collector's right to proceed anew against the land for the enforcement of the payment of the taxes, would have existed. The plaintiff voluntarily paid to the purchaser the amount of his bid and interest, and so extinguished any right which the purchaser might have had to recover back from the collector or town the money paid by him on his bid, in case the sale proved inoperative to convey title to the land bid off; and, also, extinguished any right, which by possibility might have arisen to the collector to proceed anew against the land for the payment of the taxes. Hence, at the time the plaintiff received his deed of the premises, whatever general right existed by virtue of the statute, R. L. s. 380, to sell any portion of the premises for the payment of the taxes assessed thereon for the years 1876 and 1877, although the ownership thereof had in meantime changed, had been exercised, and for the purposes of this case fully and finally exercised; and the only incumbrance existing thereon rested upon that portion of the premises bid off at the collector's sale, and only existed by force of that sale. The plaintiff, having redeemed it from that sale, without notice to the defendant and without suit, took upon himself the burden of showing that the sale was valid and operative to convey the title to the purchaser, and that he should have lost that portion of the premises sold if he had not redeemed. By redeeming he took the place and rights of the purchaser at the tax sale, and no greater rights. Hence, the real question for determination is, was the tax sale operative to convey the title to that portion of the premises bid off? Sales of land for taxes are proceedings *in invitum*,—modes of transferring

title by operation of law, without the agency of the owner. It is a condition precedent to the transfer of the title, that all the proceedings in assessing and collecting the tax, and in recording the proceedings whether to be performed before or after the sale, should be in strict and literal compliance with the requirements of the statute. Whoever asserts such title is bound to show such compliance with the statute. *Spear* v. *Ditty*, 9 Vt. 282 ; *Sumner* v. *Sherman*, 13 Vt. 609 ; *Judevine* v. *Jackson*, 18 Vt. 470.

Thus tested, the sale of December 3, 1877, was fatally defective. Passing the objection that the collector might have satisfied the tax of 1876 from the personal property of Adams, and assuming, without deciding, that such objection is not well taken, the statute required the collector in addition to advertising the land for sale in a newspaper, to put up a notice of the sale in some public place in the town, and at least ten days before the sale. This was not shown to have been done. It is contended by the plaintiff that the court should presume that such notice was posted. But no presumptions are made in favor of proceedings *in invitum*. The party asserting the title claimed to arise from such proceedings must show a full and strict compliance with the requirements of the statute. This defect left the sale inoperative to transfer the title. It also appears that the collector sold for a larger sum than he was entitled to, even if the legal costs attending the sale could be lawfully added to the amount of the taxes for the two years. This also rendered the sale fatally defective. *Drew* v. *Davis*, 10 Vt. 506.

There could be no redemption of the land sold without the payment of the illegal as well as the legal part of the amount paid by the purchaser.

Without considering the other alleged defects in the collector's proceedings insisted upon by the defendant, these are sufficient to uphold the judgment of the County Court, and that judgment is affirmed.