PATTERSON v. YANCY, *Appellant.*

1. **Justice of the Peace, Jurisdiction of.** A justice of the peace has no jurisdiction to try a suit brought by the grantee under a warranty deed against the grantor to recover taxes paid by the former, and which the latter, by the terms of his warranty, was required to pay.

2. **Covenant against Incumbrances:** FOUNDATION OF SUIT: RECOVERY OF TAXES. The foundation of an action for the recovery of taxes paid by the grantee under a deed containing covenants against incumbrances, is proof of such a deed, and the existence of the taxes as an incumbrance, and their payment by the grantee. Without proof of these, such suit cannot be maintained.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

REVERSED.

*R. B. Caples* for appellant.

The justice had no jurisdiction of the subject matter of this action. It required for its determination, the question of what title Yancy conveyed to Patterson in selling him the land on which the taxes were paid. Yancy's only liability was upon the covenants in his deed. It is not an action of debt, and the only remedy is an action on Yancy's covenants. The motion to dismiss for this reason should have been sustained by the circuit court.

There was no evidence in the circuit court to show

any liability in defendant to pay the taxes. His liability is based upon the covenants in the deed, and there was no evidence that the deed contained covenants against encumbrances. The assertion of Patterson, that Yancy gave him a warranty deed, is no evidence—the deed itself is the only evidence to determine this question. The court knowing it could not examine the title deeds to the land, allowed plaintiff to give oral testimony of the covenants of the deed, against the objection of plaintiff. The case, for these reasons, should have been dismissed. *Bredwell v. Loan & Investment Co.*, 76 Mo. 321; R. S., § 2837.

No brief for respondent.

PHILIPS, C. This action was begun in a justice's court, based on the following statement:

"1879, August 12th. Robert Yancy in account with J. H. Patterson. To amount of taxes paid collector of Howard county on land purchased of him, for which he gave warranty deed, $82.49."

Plaintiff having recovered judgment thereon, the defendant appealed to the circuit court, where the plaintiff again prevailed. The defendant has brought the case here on appeal.

Both in the justice's court and circuit court, the defendant moved to dismiss the case, for the reason that the justice had no jurisdiction over the subject matter of the action. These motions should have been sustained. It is manifest on the face of the statement that the suit is that of a grantee, under a warranty deed, against his grantor, to recover taxes which the grantee has paid, and which the grantor was required to do by his warranty. The statement means this or nothing. It states no other cause of action. The justice had no jurisdiction to try such an action. *Bredwell v. The L. & I. Co.*, 76 Mo. 321.

Nor did plaintiff's evidence show any cause of action. He testified that he bought a tract of land from defendant,

that defendant told him the taxes were paid ; that afterward he learned from the collector that a suit had been brought against the land for taxes, and, to save costs, he paid the taxes to the collector. He stated that the defendant never said the taxes were due, nor did he ever authorize the plaintiff to pay them. He stated on cross-examination that he received a warranty deed from defendant for the land, but, on objection of plaintiff, the court excluded this evidence. Manifestly, no cause of action was proved, without the admission of the deed containing a covenant against incumbrances. Neither was there any competent proof that a dollar of taxes had been legitimately assessed against the land. So far as the evidence disclosed, the payment of the tax by plaintiff was voluntary. The foundation of his cause of action was the existence of a deed, with covenants against incumbrances, and proof of the existence of a valid incumbrance, and the payment thereof by the grantee. There was no proof of these; and if there had been, it would have disclosed the want of jurisdiction of the justice of the peace. The demurrer interposed by defendant to the evidence should have been sustained.

The judgment of the circuit court is, therefore, reversed, and the action dismissed. All concur.