VALENTINE SEESER *et ux.*, Respondents, v. L. V. SOUTH-WICK *et al.*, Appellants.

| 66 | 667 |
|----|-----|
| 78 | 441 |
| 66 | 667 |
| 95 | 181 |

Kansas City Court of Appeals, May 18, 1896.

Justices' Courts: JURISDICTION: LAND TITLE: ACCOUNT: APPEAL. A justice of the peace has no jurisdiction where the question is whether a trustee's sale conveyed title, nor of an accounting between a trustee and mortgagor. An appeal in such action does not confer jurisdiction nor does the circuit court acquire jurisdiction on appeal.

*Appeal from the Jackson Circuit Court.*—Hon. E. L. Scarritt, Judge.

Reversed.

*Cook & Gosset* and *E. McD. Colvin* for appellants.

(1) It is held that a justice of the peace has no jurisdiction in an action for a breach of a covenant of warranty of title to real estate. *Bredwell v. The Loan & Investment Co.*, 76 Mo. 321; *Patterson v. Yancy,* 81 Mo. 379. (2) The title to real estate is involved in this action on what may be termed the first count in the petition, which seeks to recover money paid to remove the cloud from the title of plaintiffs, occasioned by the alleged trustee's deed executed by the defendant. It is also involved for the reason that it was necessary for plaintiffs to show that they were the owners of the real estate described in the petition, otherwise, they would not be entitled to recover damages for removing a cloud upon the title, and they would not be otherwise entitled to receive any surplus realized at the trustee's sale. (3) The statement or petition further alleges that the note was paid for before the sale. The trustee's act was, therefore, void. *McNair v. Picotte*, 33 Mo. 57; *Pease v. Iron Co.*, 49 Mo. 127; *Hancock v. Whybrow*, 66 Mo. 672; *Baker v. Halligan*, 75 Mo. 436; *Johnson v. Johnson*, 81 Mo. 331. (4) This action seeks to hold the trustee and holder of the note for surplus proceeds realized by the alleged sale under deed of trust. This is clearly an equitable claim. The defendants are entitled to the expenses of sale and an accounting is necessary. Of such an action the justice had no jurisdiction. Revised Statutes, 1889, sec. 6124.

*F. E. Burroughs* for respondents.

(1) The question as to title to real estate is not involved in this issue. *Tatum v. Holliday*, 59 Mo. 422; *Packman v. Meatt*, 49 Mo. 345. (2) "Where a judgment is sought to be reversed in the supreme court, on the ground that the case commenced before a justice was not within his jurisdiction, it must appear that the question of jurisdiction was raised and passed upon in the circuit court." *Batchelor v. Bess*, 22 Mo. 402. Errors can not be raised on the appeal that are not raised on the trial in the circuit court. *Beard v. Parks*, 41 Mo. 244; *Sublet v. Noland*, 5 Mo. 516; *Kilgore v. Bonic*, 9 Mo. 291. (3) "A defendant who appeals from the judgment of the justice of the peace thereby submits to the jurisdiction of the circuit court for all purposes." *Berkley v. Kobes*, 13 Mo. App. 502; *Martin v. Prieppo*, 14 Mo. App. 596; *Heine v. Morrison*, 13 Mo. App. 590; R. S. 1889, sec. 6339. (4) In this case it would appear that plaintiffs had several remedies but that they elected to ratify the sale and stand upon their remedy of law. The proceeding called for no accounting as it was admitted that defendants received $100 and all costs of sale and it is not denied by any pleading on the part of defendants.

GILL, J.—This case originated before a justice of the peace; was taken by appeal to the circuit court, where on a trial there was judgment for plaintiff and defendants appealed.

The decisive question is, did the justice have jurisdiction of the subject-matter of the action. This is to be determined from the face of the complaint filed with the justice. In this it is stated, in substance, that plaintiff made a deed of trust, covering a certain lot in Kansas City, to defendant, P. F. Southwick, to secure

a debt he was owing the other defendant, L. V. South-wick; that thereafter plaintiff paid the debt in full; but that notwithstanding such payment, the trustee, at the request of the beneficiary, sold the property and one Rider became the purchaser; that in order to redeem the lot from such illegal sale, and the cloud placed on the title thereof, the plaintiff was compelled to and did pay Rider the sum of $157.90. It is further alleged (and embodied in the same statement, without pretense of stating a separate cause of action) that the defend-ant trustee received from the sale of the lot to Rider the sum of $100; that said trustee then gave credit on plaintiff's note for $35, a pretended balance due, but had not accounted to plaintiff for the balance. The statement then winds up with a prayer for judgment for the $65, the balance in defendant's hands belonging to the plaintiff, together with a further sum of $92.90, "damages for said illegal acts of defendants," etc.

I. The statute provides that "no justice of the peace shall have jurisdiction to hear or try any action *where the title to any lands or tenements shall come in question and be in issue, nor of any strictly equitable pro-ceedings.*" Sec. 6124, R. S. 1889. The right now to recover the amount which plaintiff paid to Rider to redeem, necessarily involves the question whether or not plaintiff had title to the lot, but which had been clouded by a colorable sale to Rider. If the sale by the trustee to Rider was valid and he thereby acquired title to the lot, then plaintiff's subsequent purchase from Rider was merely voluntary and plaintiff would have no standing in court, for the recovery of the money so paid. If, on the other hand, plaintiff had paid the debt before the sale by the trustee, then the conveyance by the latter to Rider was unauthorized and transferred no title. *Pease v. Pilot Knob Iron Co.*, 49 Mo. 124; *McNair v. Picotte*, 33 Mo. 57. The title then to the lot

would necessarily "come in question and be in issue," and the justice would have no jurisdiction of the subject-matter stated in the complaint. *Bredwell v. Loan & Invest. Co.*, 76 Mo. 321.

Again, the right to recover from the defendant trustee would involve a concession of the legality of the sale to Rider, and would call on such trustee for an accounting. This would be a strictly *equitable proceeding*, and of which the justice could have no jurisdiction. So that in whatever light the action is viewed, under the allegations of the complaint filed with the justice, there was an absence of jurisdiction.

If the justice, then, had no jurisdiction of the subject-matter of the action, nothing thereafter done by the defendants—such as appearance and trial without objection—could confer such jurisdiction. The rule invoked by plaintiff's counsel applies only when the question is as to the jurisdiction over the *person* of the defendant; it has no application when the court assumes to hear and try a class of controversies over which the statute has expressly denied it jurisdiction. And it is further well settled that if the justice of the peace was without jurisdiction, then the circuit court had none; for its right to proceed and try the cause was derivative, not original.

This error is fatal, and one which, appearing on the face of the record proper, this court will correct, even though no motion in arrest was made in the lower court. *McIntire v. McIntire*, 80 Mo. 470.

The judgment will be reversed. All concur.