BETSEY F. MADDOCKS *vs.* ANDREW J. STEVENS.

Waldo.    Opinion November 28, 1896.

*Deed.   Incumbrance.   Evidence.   Tax.   R. S., c. 6, § 205 ; Stats. 1893, c. 314 ; 1895, c. 70.*

In an action of covenant broken, for breach of the covenant against incumbrances in a deed, the plaintiff alleged unpaid taxes as the incumbrance, and produced in evidence the collector's tax deed of the premises.

*Held ;* that the recital in his deed, by the collector, that the land was sold for an unpaid tax "assessed agreeably to law" does not amount to proof that the tax was lawfully assessed, or was an incumbrance on the land.

AGREED   STATEMENT.

The case is stated in the opinion.

*Wayland Knowlton,* for plaintiff.

*W. P. Thompson and Norman Wardwell,* for defendant.

SITTING:  PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WIS-WELL, STROUT, JJ.

EMERY, J.   The covenant counted on in this action of covenant broken is the usual covenant against incumbrances in deeds of conveyance of land.   The language of the covenant in this case is: "They [the granted premises] are free of all incumbrances." The breach alleged is the existence of unpaid taxes assessed upon the land prior to the conveyance.   An unpaid tax lawfully assessed upon a parcel of land is a lien upon the land from the date of the assessment, and constitutes an incumbrance and a breach of a covenant against incumbrances.   *Cochran* v. *Guild,* 106 Mass. 29.

It is incumbent on the plaintiff to show the existence of a lawful assessment of a tax in order to show that a tax lien existed such as would constitute the breach alleged.   The only evidence she has adduced are tax deeds of the land from the collector of taxes of Belfast, (in which city the land lies) to the city, and a subsequent deed from the treasurer of Belfast to the plaintiff.

The tax collector recites in his deeds that the taxes were assessed "agreeably to law;" but this is merely his opinion. The court upon seeing copies of the records of the city and of the assessors, might be of a different opinion. A collector of taxes is not the authorized tribunal to determine the validity of an assessment, or whether a tax has been so assessed as to constitute a lien upon the land. His recitals in his deed as collector are not evidence of the existence of a tax lawfully assessed so as to constitute a breach of covenant against incumbrances. *Phillips* v. *Sherman*, 61 Maine, 551; *Libby* v. *Mayberry*, 80 Maine, 138; *Bank* v. *Parsons*, 86 Maine, 514.

The statutes creating a presumption in favor of the validity of tax sales upon the production of the collector's deed (R. S., c. 6, § 205; Stat. 1893, c. 314; Stat. 1895, c. 70) do not apply to actions like this. This action is not to recover the land. It does not assert or deny a tax title. It does not involve the validity of a tax sale. The only question is, was a tax lawfully assessed which the defendant did not pay. There is not as yet sufficient legal evidence of such assessment.

*Plaintiff nonsuit.*