WHITE *v.* GIBSON.

COVENANTS—BREACH—INCUMBRANCES—TAX TITLES—VALIDITY.

The grantee in a warranty deed is not entitled to recover against the grantor for a breach of the covenant against incumbrances by reason of the existence of a tax deed, where the only evidence of the existence of a tax levy, or of any proceedings to enforce collection thereof, is the recital in the deed of the auditor general that the land was bid off to the State for the taxes assessed thereon for a certain year, prior to the date of the warranty deed.

Error to Saginaw; Gage (Chauncey H.), J. Submitted November 14, 1906. (Docket No. 149.) Decided December 3, 1906.

Covenant by Eugene White and Nellie E. White against Henry K. Gibson and Millie Gibson for breach of covenant in a deed. There was judgment for defendants on a verdict directed by the court, and plaintiffs bring error. Affirmed.

Plaintiffs, in the trial of an action to recover for breach of the covenant against incumbrances, put in evidence an executory contract for the purchase and sale of certain premises made by the parties April 16, 1900, a warranty deed of the said premises made by defendants to plaintiffs, dated April 23, 1903, containing an unqualified covenant that the premises are free from all incumbrances whatever, a State tax deed of said premises, made by the auditor general to one Merrill, dated July 15, 1904, purporting to convey the premises for the sum of $57, a statutory notice from said Merrill, addressed to plaintiffs, dated August 13, 1904, and a quitclaim deed of the premises, given by said Merrill to plaintiffs December 15, 1904. Testimony was given which tended to prove that plaintiffs paid to Merrill, after service of said notice, $127.69, and paid certain other items of expense, on account of the alleged incumbrance; that, before doing so, defendants were notified of the demand, and they advised and stated that it would be looked into, and not to be in a hurry about paying; that, after investigation, defendant Henry K. Gibson advised plaintiffs that the tax was an old ditch tax, was illegal, and not to pay it. After the payment to Merrill, defendants refused to reimburse plaintiffs. There is no documentary evidence of the tax levy, or of any proceedings to enforce collection thereof, except the recital contained in the auditor general's deed, and this recital is limited to the fact that the land was bid off to the State for the taxes assessed thereon in the year 1886. The trial judge directed a verdict for defendants.

*H. J. Patterson,* for appellants.

*F. E. Emerick,* for appellees.

OSTRANDER, J. (*after stating the facts*).   It has been held, in this State, as between vendor and vendee, that taxes, unpaid when title passes, which have by the tax law become a lien upon the land, are incumbrances. *Harrington* v. *Hilliard,* 27 Mich. 271; *Eaton* v. *Chesebrough,* 82 Mich. 214; *Lindsay* v. *Eastwood,* 72 Mich. 336.   See, also, 8 Am. & Eng. Enc. Law (2d Ed.), p. 126 et seq.; Rawle on Covenants for Title, § 77.   Whether, after the tax lien has been foreclosed, and to the point where owners of land may obtain a reconveyance by payment of the tax and a penalty, the demand may be called an in-cumbrance within the meaning of the usual covenant, we are not called upon to determine.   Counsel for both par-ties have assumed that such a demand may be an incum-brance, and the question presented is whether there is any evidence warranting a recovery by the plaintiffs.   In such cases, the rule is that the tax or assessment, to be an in-cumbrance, must be a lien upon the land (*Kirkpatrick* v. *Pearce,* 107 Ind. 520; *Cummings* v. *Holt,* 56 Vt. 384), must be a lawful tax, legally levied, upon a lawful assess-ment (*Mitchell* v. *Pillsbury,* 5 Wis. 407), and, if it is not claimed, and proved, that a valid title passed by tax deeds, no incumbrance is proved (*Tibbetts* v. *Leeson,* 148 Mass. 102).   It has been held, too, that, though the particular assessment was invalid, it might be sufficient to show that the tax was one which could be reassessed.   *Coburn* v. *Litchfield,* 132 Mass. 449.   The evidence of plaintiffs fails entirely to show any assessment of the land, levy of a tax, or any proceeding or document from which an as-sessment, or levy, or lien, can be legally presumed or in-ferred.

The judgment was therefore right, and is affirmed.

CARPENTER, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.