CADY, Appellant, vs. HENES, Respondent.

*November 23—December 10, 1912.*

*Deeds: Covenant against incumbrances: Action for breach: Pleading: Sufficiency of complaint: When special assessment becomes a lien on land.*

1. A special assessment for a street improvement in the city of Milwaukee becomes a lien upon an abutting lot when the certificate stating the amount chargeable thereto is issued to the contractor pursuant to secs. 13 and 13a, ch. VII, of the city charter.

2. In an action for breach of the covenant in a warranty deed that the premises conveyed were free and clear from all incumbrances, a complaint alleging that at the time of the conveyance the premises were subject to a special assessment of a certain amount for street improvements, which had been "duly and legally levied" upon the property pursuant to the city charter, as a special improvement tax, and was "a legal and valid subsisting lien upon the real estate conveyed, . . . and was then remaining due and unpaid, and was at the time of the delivery of the said deed a lien and incumbrance by law upon said premises," sufficiently alleges these matters to permit the introduction of evidence that all the requirements prescribed in the charter to charge the land with the cost of the improvement had been complied with.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge.    *Reversed.*

The appeal is from an order sustaining a demurrer to the complaint.

*Charles E. Hammersley,* for the appellant.

*Arthur Breslauer,* for the respondent.

SIEBECKER, J.　The complaint alleges that on June 9, 1910, the defendant, by warranty deed, conveyed to the plaintiff, for a valuable consideration, certain real estate in the city of Milwaukee.

The deed contains this covenant respecting the premises: "that the same are free and clear from all incumbrances whatever," subject to an agreement.　The complaint alleges that at the time the premises were conveyed they were not free from incumbrances, but were subject to a special assessment for street improvements for the year 1909, which was a legal and valid lien upon the premises at the time the conveyance was made and which was then due and unpaid.　It is also alleged that the price paid by the plaintiff included the value of the street improvement and that there was nothing in the appearance of the premises to warn the plaintiff that the improvements had been made recently.　The plaintiff was compelled on January 31, 1911, to pay $261.30 to free the premises from the lien of the special assessment, and it is alleged that by reason thereof she was damaged in this sum.　It is alleged that demand has been made by the plaintiff on the defendant and that defendant has refused to pay the sum.　Judgment is demanded for the amount paid by the plaintiff, with interest and costs of the action.

The allegations of the complaint are that this amount was "duly and legally levied under and pursuant to the provisions of the charter of the city of Milwaukee, as special improvement tax, and was, at the time of the sale of this property to the plaintiff, a legal and valid subsisting lien upon the real estate conveyed by the defendant to the plaintiff, and was then remaining due and unpaid, and was, at the time of the deliv-

ery of said deed, a lien and incumbrance by law upon said premises." The allegations of the complaint must be liberally construed. In the light of this rule, we deem the allegations sufficiently broad and definite to state a good cause of action for recovery of damages for the breach of the covenant against incumbrances.

Respondent concedes that the special assessments for street improvements are taxes, but maintains that they are not a lien on property until properly assessed and levied and until certificates have been issued therefor as provided by law. Sec. 13, ch. VII, of the charter of the city of Milwaukee provides that, when street improvements have been completed, a certificate shall issue to the contractor, signed by the board of public works and countersigned by the city comptroller, stating the amount chargeable to the lots described therein, which certificate may be paid by the owner of the land to the city treasurer, for the benefit of the certificate holder, at any time before the sale of such land for the nonpayment of taxes. Sec. 13a of this chapter of the charter provides, if such amount is not paid by the lotowner to the city treasurer before the time for making out the annual tax list, then the amount shall be assessed against the land and be collected as other taxes on real estate. It is also provided that all certificates issued pursuant to the charter provisions "shall be liens upon the lots or parcels of land against which the same shall respectively be chargeable, from and after the time when such certificates shall be countersigned and registered by the city comptroller." It is manifest from these provisions that the alleged special assessment became a lien on the land from the time the certificate issued pursuant to these provisions of the charter.

It is argued that the complaint fails to allege facts showing that these steps were taken so as to charge the lands conveyed for the cost of the assessment as a tax. We are of opinion

that the language of the complaint sufficiently alleges these matters to permit the introduction of evidence showing that all the requirements. prescribed in the charter to charge this land with the cost of the street improvement were complied with, and that they constituted a lien prior to January 1, 1910. If, then, the allegations of the complaint are sustained by evidence upon the trial of the case showing that a lien for taxes on the land conveyed was existent before January 1, 1910, then the covenant in the deed against incumbrances would be breached, and the plaintiff would be entitled to recover the amount she was compelled to pay to free the land from such tax lien. See sec. 1153, Stats., as amended by ch. 293, Laws of 1909, and *Mitchell v. Pillsbury,* 5 Wis. 407; *Peters v. Meyers,* 22 Wis. 602.

The allegations of the complaint state facts sufficient to constitute a cause of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the trial court with directions to enter an order overruling the demurrer to the complaint, and for further proceedings according to law.