[No. 3482.   Sept. 9, 1930.]

WINDER v. SOUTHWESTERN CO.

[291 Pac. 290.]

Edward D. Tittmann, of El Paso, Texas, for appellant.

OPINION OF THE COURT

WATSON, J.

Defendant, conveying lands to plaintiff, covenanted and agreed that they "are free and clear from * * * taxes, assessments and incumbrances, of what kind and nature soever. * * *" Plaintiff sued for the breach of this covenant, alleging that certain taxes lawfully assessed were outstanding which she was compelled to pay to save the property from tax sales. Findings were made and judgment rendered for plaintiff. Defendant appeals.

The evidence to support the judgment consists of certain tax receipts, a certificate of redemption, and evidence that appellee had paid the sums therein represented after search of the records by attorneys and upon their advice. The main question is whether there could be a recovery without proof that the taxes which appellee paid were lawfully assessed and constituted valid incumbrances.

We have no brief from appellee.

The authorities cited by appellant convince us that its position is well taken. Maddocks v. Stevens, 89 Me. 336, 36 A. 398: White v. Gibson, 146 Mich. 547, 109 N. W. 1049; Cummings v. Holt, 56 Vt. 384; Lonergan v. Baber, 59 Ark. 15, 26 S. W. 13; Patterson v. Yancy, 81 Mo. 379; Robinson v. Bierce, 102 Tenn. 428, 52 S. W. 992, 47 L. R. A. 275; Witte v. Pigott (Tex. Civ. App.) 55 S. W. 753. See, also, 15 C. J. "Covenants," § 210. Annotation "Unfounded outstanding claims to or against real property as breach of covenants of deed," 5 A. L. R. at page 1087.

The judgment must accordingly be reversed and the cause remanded, with direction to enter judgment for appellant.

BICKLEY, C. J., and CATRON, JJ., concur.

PARKER and SIMMS, JJ., did not participate.