USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-1722

 TOWN OF SANFORD, ET AL.,

 Plaintiffs, Appellants,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,

 Aldrich, Senior Circuit Judge,

 and Lynch, Circuit Judge.

 _____________________

 William H. Dale, with whom Sally J. Daggett and Jensen Baird Gardner & Henry, were on brief for appellants.
 F. Mark Terison, Assistant United States Attorney, with whom Jay P. McCloskey, United States Attorney, and Jonathan A. Toof, Assistant United States Attorney, were on brief for appellee.

 ____________________

March 31, 1998
____________________ TORRUELLA, Chief Judge. In September 1994, the United States (the "Government") instituted in rem civil forfeiture proceedings against two properties located in the Town of Sanford, Maine, under the federal forfeiture law, 21 U.S.C. 881. At the time, the properties were subject to a local property tax lien in the amount of $1,306.82. However, the lien was not recorded in the registry of deeds when the forfeiture complaint was filed. Therefore, the United States did not notify the town of the forfeiture and did not pay the back taxes that had been assessed. Upon learning of the forfeiture, the Town of Sanford and Mrs. Claire Morrison, the Town's tax collector, asserting jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. 702, and the Declaratory Judgment Act, 28 U.S.C. 2201, 2202, filed suit against the United States for the taxes and for a declaration that the United States be required to notify towns in any subsequent similar forfeiture actions. The district court found that it lacked subject matter jurisdiction in this case. See Town of Sanford v. United States, 961 F. Supp. 16 (D. Me. 1997). We affirm on slightly different grounds.
BACKGROUND
 Charles and Dorothy Green had been implicated in a federal investigation of marijuana sales. On February 16, 1994, the United States filed a forfeiture complaint against two of the Greens' properties, located at Spruce Street and Grace Lane in Sanford, Maine. Potential claimants with recorded interests in the property were identified and served with notice of the complaint. Public notice was placed in the Biddeford Journal Tribune, a newspaper distributed within in the region. However, no public notice was placed in Sanford's local newspaper. The Town of Sanford, with no recorded lien on the properties, was not served with notice of the forfeiture proceedings. 
 The United States and the Greens eventually entered into a settlement agreement whereby the Grace Lane property was forfeited along with a different property located at El Pond in Sanford. In exchange, the Greens retained ownership of the Spruce Street property. Recorded mortgage interests were satisfied, and judgment was entered on September 29, 1994.
 Throughout, the United States did not know that the Town of Sanford was in possession of unrecorded liens for unpaid property taxes on the Grace Lane and El Pond properties. The Greens owed $1,306.82 on the two properties. By operation of Maine law, even though Claire Morrison, Sanford's tax collector, had not filed the lien mortgage certificates with the Registry of Deeds, these liens arose and were enforceable as of April 1, 1994, the date of the tax assessment. See 36 M.R.S.A. 552; Maddocks v. Stevens, 89 Me. 336, 36 A. 398 (1896). The Town argues that the Justice Department should have been aware of Maine law, been aware that towns in such circumstances have a valid lien without the need to record it, and therefore should have given specific notice to the Town.
 Upon learning of the forfeiture judgment in February 1996, the Town of Sanford contacted the United States Department of Justice's Asset Forfeiture Office to demand payment. The United States refused to pay the back taxes and indicated that it intended to sell the properties at auction without regard to the Town's liens. A series of letters was exchanged between February and May 1996, regarding the sufficiency of the notice of the original forfeiture proceedings. On May 20, 1996, the United States indicated its final decision refusing to pay the taxes.
 Meanwhile, an interested purchaser for the properties had been found. It was in the interest of both the United States and the Town of Sanford to allow the titles to pass into the hands of the private purchaser. The federal government would receive the purchase price, while the town would be able to place the properties back on the tax rolls. In a letter dated April 15, 1996, the United States Justice Department reminded the town of the "win-win" nature of an abatement of the taxes and discharge of the liens. On May 1, 1996, the liens were discharged. However, the town made it clear that, in its opinion, the dispute over the back taxes had not been resolved.
 On June 27, 1996, Morrison and the Town of Sanford filed suit against the Government under the APA, 5 U.S.C. 702, and the Declaratory Judgment Act, 28 U.S.C. 2201, 2202. The town sought back taxes, interest, costs and attorney's fees, as well as declarations that the tax liens took priority over the forfeiture judgment and that the Government must send written notice of all future real estate forfeiture actions to the tax collector in each Maine municipality in which the property lies. 
 The district court concluded that Sanford qualified as an "innocent owner" under the federal forfeiture statute, 21 U.S.C. 881(a)(7). See 961 F. Supp. 16, 16-17. The town was therefore entitled to personal notice of the forfeiture proceeding. Seeid. at 17-18. However, the district court found that it lacked jurisdiction under the APA to hear this claim because it did not involve a "final agency action" subject to judicial review under the APA. See id. at 18-19. The court also found that it lacked jurisdiction under the Declaratory Judgment Act because that statute alone does not confer jurisdiction. See id. at 19 (citing Skelley Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)).
 On appeal, we take judicial notice of the fact that the Department of Justice has resolved to send written notice of all future real estate forfeiture actions to the tax collector in each Maine municipality in which the property lies. We further note that no appeal has issued from the district court's finding that the town was entitled to personal notice in this case. Therefore, the narrow issue on appeal is whether the APA provides this court with jurisdiction to award back taxes, interest, costs and attorney's fees to the Town of Sanford in this case. We conclude that it does not. Our decision on this narrow issue should not be taken as approval of the decision by the Justice Department not to pay back taxes out of the proceeds of the sale of the property or otherwise. And while the town has lost this specific case, it should take comfort in the fact that it has caused a change in the policy of the United States Department of Justice.
ANALYSIS 
 Normally, when a lienholder wishes to reopen a forfeiture decree on the grounds of inadequate notice, the party brings a motion to reopen under Fed. R. Civ. P. 60(b) which allows a lienholder who received no personal notice of a forfeiture proceeding to enter her appearance after judgment. In this case, however, the Town of Sanford had no standing to pursue this course of action due to the fact that it had discharged its lien. Thus the town was reduced to bringing this case under the APA, pursuant to which judicial review is available for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. 704.
 If we determine that there existed another "adequate" legal remedy for the town, the case must be dismissed and we need not address whether this case involves "final agency action." The town argued that, short of holding onto its lien, there was no avenue for legal redress other than APA 704. Thus, in essence, the Town of Sanford's position is that federal remedies for lienholders who receive insufficient notice are inadequate because they do not allow a lienholder to discharge the lien while retaining their right to bring suit. We are not persuaded. "Having one's cake and eating it, too, is not in fashion in this circuit." United States v. Tierney, 760 F.2d 382, 388 (1st Cir. 1985).
 A "lien" is defined as a "right to enforce charge upon property of another for payment or satisfaction of debt or claim." Black's Law Dictionary 922 (6th ed. 1990) (citing Vaughan v. John Hancock Mut. Life Ins. Co., 61 S.W.2d 189, 190 (Tex.Civ.App. 1933, writ ref'd)). The Town of Sanford's lien on the El Pond and Grace Lane properties represented its entire interest in the taxes which it was owed. When the town discharged its lien, it lost standing to bring this suit because it no longer possessed any interest in the back taxes.
 No one would deny that by discharging its right to litigate in order to benefit its future tax rolls, the town had made a difficult choice. However, similar choices are often made by parties contemplating litigation. Parties with meritorious claims regularly forego their day in court due to the potential for excessive litigation costs, injured reputations, damaging discovery or innumerable other consequences which might flow from bringing suit. We are unprepared to say that a motion to reopen a forfeiture decree under Fed. R. Civ. P. 60(b) is an "inadequate" legal remedy simply because the Town of Sanford concluded that it would be better off discharging its lien. See generally, Sarit v. DEA, 987 F.2d 10, 17 (1st Cir. 1993) (holding that federal forfeiture statutes generally provide adequate legal remedies for claimants challenging sufficiency of notice to forfeiture proceedings and thus preclude review under the APA). A legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of the opportunity to pursue that remedy. See Mitchell v. United States, 930 F.2d 893, 897 (Fed. Cir. 1991) ("[T]he question posed by APA Section 704 is whether [there are] adequate remedies, not whether [a particular plaintiff] will be entitled to receive those remedies."); Sable Communications of Cal., Inc. v. FCC, 827 F.2d 640, 642 (9th Cir. 1987) (similar). Accordingly, we affirm the district court's conclusion that subject matter jurisdiction under the APA is lacking in this case. We do not reach any sovereign immunity issues nor do we address whether the actions of the Department of Justice constitute a "final agency action."CONCLUSION
 For the reasons stated herein, the judgment of the district court is affirmed.