**SABLE COMMUNICATIONS OF CALIFORNIA, INC.,**
**Plaintiff-Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Edwin Meese, Attorney General of the United States of America, Defendants-Appellees.**

**No. 86–6178.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1987.

Decided Sept. 11, 1987.

---

Richard K. Simon, Los Angeles, Cal., for the plaintiff-appellant.

Barbara L. Herwig and John C. Hoyle, Los Angeles, Cal., for the defendants-appellees.

Before HALL and LEAVY, Circuit Judges, and AGUILAR,* District Judge.

---

\* Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation.

**1.** In response to *Carlin II,* the FCC issued a regulation providing for a third defense to an

CYNTHIA HOLCOMB HALL, Circuit Judge.

Sable Communications of California (Sable) filed this action in district court seeking declaratory and injunctive relief against the Federal Communications Commission (FCC). Sable claims that a statute and FCC regulation restricting its sexually suggestive telephone services violate its first amendment rights. The district court dismissed the case for lack of jurisdiction and, alternatively, on the ground that the case was not justiciable. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

I

In 1983, Congress passed 47 U.S.C. § 223(b), a statute imposing substantial civil and criminal sanctions on those who make obscene or indecent commercial telephone communications available to minors unless the provider has restricted access to such communications in accordance with FCC regulations. An FCC regulation, published in October 1985, requires providers of sexually suggestive messages to limit access either to credit card holders or to persons who transmit an access code issued after the provider has taken reasonable steps to ascertain that the applicant is at least eighteen years old. 47 C.F.R. § 64.-201.

On April 11, 1986, the Second Circuit invalidated the FCC regulation with respect to the New York telephone system. *See Carlin Communications, Inc. v. FCC,* 787 F.2d 846, 857 (2d Cir.1986) (*Carlin II*).[1] Sable, a West Coast provider of sexually suggestive messages which did not participate in the Second Circuit proceeding, filed the present action for declaratory and injunctive relief in the Central District of California shortly thereafter. Sable attacked both the statute and the FCC regulation on first amendment grounds. On

action under 47 U.S.C. § 223(b), the use of a scrambler. Sable is among the parties now challenging the new regulation in the Second Circuit.

July 23, 1986, the district court dismissed the action for lack of jurisdiction. The court found that exclusive jurisdiction to review the FCC regulation was vested in the court of appeals. The court further held that it could not review the statute because "it would be a near impossibility to review the constitutionality of the statute without reviewing the regulation," and because no Article III case or controversy existed. Sable appeals the district court's dismissal order.

On August 15, 1986, this court denied Sable's motion for an injunction pending appeal. *Sable Communications, Inc. v. FCC,* No. 86–6178 (9th Cir. Aug. 15, 1986). On the same date, this court dismissed Sable's petition for review of the FCC regulation in the Ninth Circuit as untimely. *Sable Communications, Inc. v. FCC,* No. 86–7437 (9th Cir. Aug. 15, 1986).

## II

Subject matter jurisdiction presents a question of law which we review de novo. *Peter Starr Production Co. v. Twin Continental Films, Inc.,* 783 F.2d 1440, 1442 (9th Cir.1986). The question of whether a particular case presents an Article III case or controversy is also reviewed de novo. *EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1542 (9th Cir.1987).

## III

The district court dismissed Sable's challenge to the FCC regulation, holding that the court of appeals had exclusive jurisdiction over such a challenge. 28 U.S.C. § 2342 provides, in relevant part, as follows: "The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—(1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." Petitions for review must be filed within 60 days of the entry of the final order. 28 U.S.C. § 2344. The FCC regulation in this case is a final order made reviewable by 47 U.S.C. § 402(a).

Sable advances three arguments why the exclusive jurisdiction provisions of section 2342 should not bar its district court challenge to the FCC regulation. First, Sable points to the Administrative Procedure Act (APA), 5 U.S.C. § 704, which provides, in relevant part, as follows: "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." Sable contends that the judicial review provided by section 2342 is "inadequate" and, therefore, that it should be allowed to mount a challenge to the FCC regulation under the APA. It notes that the Ninth Circuit dismissed as untimely its petition challenging the regulation. Sable fails to point out that it was its own inaction which foreclosed review under section 2342. In dismissing Sable's petition for review, this court noted that Sable "failed to advance any convincing justification for its failure to file a petition for review or to seek leave to intervene in the Second Circuit proceeding within sixty days of the Federal Communications Commission's publication of the revised regulation on October 22, 1985." *Sable Communications, Inc. v. FCC,* No. 86–7437 (9th Cir. Aug. 15, 1986). Under these circumstances, we deem the review provided by section 2342 adequate. *See FCC v. ITT World Communications, Inc.,* 466 U.S. 463, 469, 104 S.Ct. 1936, 1940, 80 L.Ed.2d 480 (1984) (Court rejects argument that review in the court of appeals is inadequate and, therefore, that APA lawsuit in district court should be allowed); *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 78 (D.C.Cir.1984) ("Where statutory review is available in the Court of Appeals it will rarely be inadequate.").

Second, Sable asserts that section 2342 combined with the "unique procedural history" of this case acted to deprive it of its due process right to a judicial determination of its first amendment rights. In making this argument, however, Sable assumes that it acted reasonably in failing to intervene in the Second Circuit action challenging the FCC regulation and in failing to file a timely petition for review of the regulation with the Ninth Circuit. As noted above, this court has already rejected this assumption.

Finally, Sable contends the FCC regulation is now an integral part of the statute and, as such, is susceptible to challenge in the same manner as the statute. It argues that a regulation should not be immunized from constitutional review by limiting challenges to parties with standing to challenge it within sixty days of enactment. Again, however, Sable was responsible for its own failure to challenge the regulation in a timely manner. Taken to its logical conclusion, Sable's argument would effectively obliterate the exclusive jurisdiction provision of section 2342.

## IV

■ The district court also dismissed Sable's challenge to 47 U.S.C. § 223(b), the statute regulating sexually suggestive telephone services, holding that "it would be a near impossibility to review the constitutionality of the statute without reviewing the regulation. In fact, the challenge really is to the regulation—to the technological and economic infeasibility of complying with it." Sable contends that the statute can be challenged independently of the FCC regulation. Specifically, it contends that 47 U.S.C. § 223(b) is facially unconstitutional in the following respects: (1) it is overbroad because it regulates "indecent" speech outside the broadcasting context; (2) it is impermissibly vague because it fails to define the term "indecent"; and (3) it creates a national standard for obscenity based upon the the community standards of the least tolerant community.

We need not determine whether Sable will ultimately succeed on its facial challenge to the statute. The important point for the purpose of this appeal is that Sable's challenge is not insubstantial. *See FCC v. Pacifica Foundation*, 438 U.S. 726, 750, 98 S.Ct. 3026, 3041, 57 L.Ed.2d 1073 (1978) (emphasizing the narrowness of the Court's holding that "indecent" speech may be regulated in the broadcasting context); *Carlin Communications, Inc. v. FCC*, 749 F.2d 113, 120 (2d Cir.1984) (*Carlin I*) (noting the limited nature of the Court's holding in *Pacifica*). The district court should not have dismissed Sable's facial challenge

to the statute on the ground that it was really a challenge to the FCC regulation. The district court has jurisdiction to consider the statutory challenge pursuant to 28 U.S.C. § 1331.

## V

■ The district court held, in the alternative, that even if it had federal question jurisdiction over Sable's challenge to the statute, no justiciable case or controversy existed because Sable had failed to show that its first amendment rights had actually been chilled. The case on which the district court relied, *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972), actually supports the conclusion that this case is justiciable. In *Laird*, the Supreme Court held that an individual's subjective fear that apparently lawful government information-gathering activities might, in the future, result in adverse government action was not sufficient to create a justiciable controversy. *Id.* at 13–14, 92 S.Ct. at 2325–26. In reaching this conclusion, the Court specifically distinguished cases in which "the challenged exercise of governmental power was regulatory, proscriptive, or compulsory in nature, and the complainant was either presently or prospectively subject to the regulations, proscriptions, or compulsions that he was challenging." *Id.* at 11, 92 S.Ct. at 2324. The present case falls directly within this quoted language: the statute is compulsory in nature, and Sable is currently subject to its requirements.

The district court apparently thought that the possibility of an enforcement action against Sable was too speculative to warrant the invocation of federal jurisdiction. The record indicates, however, that this possibility is more than just a hypothetical threat. The government has announced that it considers the statute to be effective everywhere except New York and has specifically declined to agree not to enforce the statute against Sable. It appears that the statute applies to Sable, and the penalties for noncompliance are substantial. The statute provides for criminal sanctions of a fine of up to $50,000 per day

and a maximum of six months in prison; a civil sanction of up to $50,000 per day of violation may also be imposed. 47 U.S.C. § 223(b). Moreover, Sable has filed supplemental excerpts of record which indicate that the government has, in fact, prosecuted one of Sable's Los Angeles-based competitors in Utah. Under these circumstances, Sable should not have to wait until it is actually prosecuted to challenge the statute. *See Doe v. Bolton,* 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973) (doctors had standing to challenge abortion statute even though none of them had been prosecuted or threatened with prosecution for violation of the statute); *Dombrowski v. Pfister,* 380 U.S. 479, 486–87, 85 S.Ct. 1116, 1120–21, 14 L.Ed.2d 22 (1965) (the Court is particularly liberal in allowing pre-enforcement challenges to statutes imposing criminal sanctions when the challenge is based on the first amendment); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 152–54, 87 S.Ct. 1507, 1517–18, 18 L.Ed.2d 681 (1967) (pre-enforcement review of agency regulations is appropriate when the regulations force the challenging party either to make substantial changes in its everyday practices or to risk strong sanctions), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977).

## VI

We affirm the district court's dismissal of Sable's challenge to the FCC regulation for lack of jurisdiction. We reverse the district court's holdings that it could not review the statute independently of the FCC regulation and that this case is not justiciable. Each party shall bear its own costs on this appeal.

AFFIRMED IN PART and REVERSED IN PART.