Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Decided February 6, 2004

No. 03-1215

GAIL GODWIN,
PETITIONER

v.

SECRETARY OF HOUSING AND URBAN DEVELOPMENT,
RESPONDENT

————

On Petition for Review of an Order of the
Secretary of Housing and Urban Development

————

*Gail Godwin*, pro se, filed a response to this court's show-cause order on behalf of petitioner.

*Barbara C. Biddle*, Assistant Director, U.S. Department of Justice, and *Anne Murphy*, Attorney, filed a response to this court's show-cause order on behalf of respondent.

Before: ROGERS, TATEL, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Petitioner Gail Godwin lived for eleven years in the Harbor Village Apartments in Richmond, Virginia. In

—————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

2002, Harbor Village initiated eviction proceedings against her for failing to pay her rent on time. On the day of her eviction hearing, Godwin arrived twenty minutes late to the housing court and was apparently unable to enter the courtroom because the doors were locked. In her absence, the court awarded possession of the apartment to Harbor Village.

Charging that Harbor Village evicted her because the previous year she had lodged a housing discrimination grievance against it, Godwin filed a timely complaint with the Secretary of Housing and Urban Development (HUD). *See* 42 U.S.C. § 3610(a)(1)(A)(i) (2000) ("An aggrieved person may . . . file a complaint with the Secretary alleging [a] discriminatory housing practice."). HUD notified Godwin that it would refer her case to the Virginia Real Estate Board, *see id.* § 3610(f) (authorizing such referrals), which concluded that Harbor Village evicted Godwin because of her late rent payments, not because of her discrimination complaint or her status in any protected class. Based on the Board's conclusion, a HUD official wrote to Godwin informing her that the agency would close the case. This letter was apparently intended to represent the Secretary's determination "that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur." *Id.* § 3610(g)(3). Such a determination requires the Secretary to dismiss the complaint. *See id.*

Godwin petitioned this court to review the Secretary's action. On our own motion, we ordered the parties to show cause why we should not transfer the case to the Fourth Circuit, given that venue in Fair Housing Act (FHA) cases lies "in the judicial circuit in which the discriminatory housing practice is alleged to have occurred." *Id.* § 3612(i)(2) (2000). In his response, the Secretary argues not only that venue could not be proper in this circuit, but also that no statute authorizes any court to hear a petition like Godwin's. According to the Secretary, the FHA creates no cause of action in cases like this and, moreover, the Administrative Procedure Act bars judicial review both because his refusal to issue a discrimination charge is an enforcement decision committed

to agency discretion and because Godwin has an adequate alternative remedy—a private civil action against Harbor Village under FHA section 813 (codified at 42 U.S.C. § 3613 (2000)).

We agree with the Secretary that we lack jurisdiction to consider Godwin's petition. To begin with, the FHA creates no explicit cause of action in cases like this. Although section 812 authorizes judicial review when the Secretary charges discriminatory housing practices, *see id.* § 3612(i), it confers no right to review when, as here, the Secretary declines to issue a charge. Nor do we see anything suggesting that the law implicitly confers such a right of action against the Secretary. "In fact, it is difficult to understand why a court would ever hold that Congress, in enacting a statute that creates federal obligations, has implicitly created a private right of action against the federal government, [as] there is hardly ever any need for Congress to do so" given that agency action can normally be reviewed by a district court pursuant to its federal question jurisdiction. *NAACP v. Sec'y of HUD*, 817 F.2d 149, 152 (1st Cir. 1987) (Breyer, J.) (emphasis omitted). Although we conclude below that the APA bars a federal question lawsuit in cases like this, that conclusion only reinforces our view that the FHA creates no implied right of action, for it would be quite odd to hold that Congress *implicitly* created a cause of action despite another statute's preclusion of such an action. *See id.* at 153. Given Congress's presumed awareness of the APA's provisions, we believe—in accordance with the holdings of other circuits—that Congress would make explicit any intent to create a cause of action in these circumstances. *See Marinoff v. HUD*, 78 F.3d 64, 64 (2d Cir. 1996) (per curiam), *aff'g* 892 F. Supp. 493 (S.D.N.Y. 1995); *NAACP*, 817 F.2d at 153. Put simply, then, we lack authority to consider Godwin's petition.

This brings us to the question of transfer. Our lack of jurisdiction does not preclude us from transferring the case if the court to which we transfer would have subject matter jurisdiction. *See* 28 U.S.C. § 1631 (2000). Because we could transfer the case to a federal district court, which normally has federal question jurisdiction to entertain challenges to

agency actions, *see, e.g.*, *Robbins v. Reagan*, 780 F.2d 37, 42–43 (D.C. Cir. 1985) (per curiam) ("Even though the APA itself . . . grants no jurisdiction, power to review *any* agency action under the APA exists under 28 U.S.C. § 1331."), we must address the Secretary's argument that the APA precludes any judicial review at all.

We agree with the Secretary that the private action authorized by FHA section 813 constitutes an adequate alternative remedy, rendering judicial review unavailable under the APA. *See* 5 U.S.C. § 704 (2000) (limiting review to "final agency action for which there is no other adequate remedy in a court"). We have deemed similar private rights of action adequate, *see, e.g.*, *Council of & for the Blind v. Regan*, 709 F.2d 1521, 1531–33 (D.C. Cir. 1983) (en banc), and a private action remains available to Godwin because the two-year statute of limitations in her case—which was tolled during the administrative proceedings, *see* 42 U.S.C. § 3613(a)(1)(B)— has not run. Hence any district court, like any other court of appeals, would lack jurisdiction to hear Godwin's petition, meaning that there is no court to which we can transfer the case. Here too we are in agreement with other circuits. *See Am. Disabled for Attendant Programs Today v. HUD*, 170 F.3d 381, 389 (3d Cir. 1999); *Marinoff*, 78 F.3d at 64.

The petition for review is dismissed for want of subject matter jurisdiction.

*So ordered.*