

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Turner v. Secretary HUD

Precedential or Non-Precedential: Precedential

Docket No. 05-2169

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Turner v. Secretary HUD" (2006). *2006 Decisions.* Paper 986.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/986

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2169

———

DEANNA TURNER,

Appellant

v.

THE SECRETARY OF THE UNITED
STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01379)
Honorable Gary L. Lancaster, District Judge

———

Submitted under Third Circuit LAR 34.1(a)
March 6, 2006

BEFORE:  ROTH and GREENBERG, Circuit Judges, and
BUCKWALTER, District Judge*

(Filed May 31, 2006)

———

Donald Driscoll
Evalynn B. Welling
Community Justice Project
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA. 15219
    Attorneys for Appellant

———

*Honorable Ronald L. Buckwalter, Senior Judge of the United States
District Court for the Eastern District of Pennsylvania, sitting by
designation.

Mary Beth Buchanan
United States Attorney
Laura S. Irwin
Assistant United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA. 15219

     Attorneys for Appellee

_____

OPINION OF THE COURT

_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.


I.  INTRODUCTION

     This matter comes on before the court on an appeal by Deanna Turner from an order of the district court entered March 30, 2005, dismissing her action against the Secretary of the United States Department of Housing and Urban Development ("HUD").  In this case Turner alleged that HUD failed to perform mandatory duties that the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 <u>et</u> <u>seq.</u>, imposed on it with respect to her status as a residential lessee.[1]  In particular, Turner alleged that in ruling on a complaint she filed with HUD against her landlord, HUD did not determine from an analysis of the facts whether she had been a victim of a discriminatory housing practice.  Instead, relying on the res judicata effect of a judgment in favor of her landlord in a state court proceeding, HUD dismissed her complaint as it found no reasonable cause for the complaint.  That unfavorable outcome in the HUD proceeding led Turner to bring this action against HUD.  The district court dismissed Turner's action as it believed that the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 <u>et</u> <u>seq.</u>, did not provide for judicial review of HUD's determination.  For the reasons set forth below, we will affirm the order of dismissal.

_____

     [1]We discuss the history of the FHA in <u>Mitchell v. Cellone</u>, 389 F.3d 86 (3d Cir. 2004).

2

## II. FACTUAL AND PROCEDURAL HISTORY

Turner filed the complaint with HUD leading to this litigation on December 14, 2001, alleging that she was the victim of various discriminatory housing practices in which her landlord, Crawford Square Apartments III, L.P. ("Crawford Square"), engaged in violation of the FHA.[2] Prior to and after filing her HUD complaint, Turner was involved in proceedings before the Court of Common Pleas of Allegheny County, Pennsylvania, stemming from Crawford Square's attempts to evict her and her attempts to thwart her eviction. Crawford Square initiated the state court proceedings by reason of Turner's delinquency in rent payments, and Turner responded in the state court with various state law counterclaims and a petition for injunctive relief to block her eviction. Turner, however, did not raise the FHA claims underlying her HUD complaint in the state court. On September 30, 2003, following a four-day trial, the court of common pleas found in favor of Crawford Square, rejecting all of Turner's claims and defenses on the merits.

---

[2]Turner's December 14, 2001 HUD complaint was her second such complaint; she filed the first with HUD on January 5, 2001. She specifies, however, that the December 14, 2001 complaint forms the basis for this action and appeal.

Turner stated in her district court complaint that she filed her December 14, 2001 HUD complaint against "Crawford Square." Although she has not included the complaint in her appendix on this appeal, we have examined the complaint which is included in the appendix filed in Turner's related appeal, Turner v. Crawford Square Apartments III, L.P., et al., No. 05-1979, and observe that it shows that Turner filed the December 14, 2001 complaint against "McCormick [sic] Baron Mngmnt t/a Crawford Square." The reference to McCormack Baron was to McCormack Baron Management Services, Inc., Crawford Square's management company. Her designation of the respondent in her complaint is consistent with the HUD Determination of No Reasonable Cause, which identified McCormack Baron as the respondent in the December 14, 2001 complaint. Turner's failure to identify precisely the party she named as respondent in the underlying HUD proceeding does not impair our ability to adjudicate this appeal because for our purposes it does not matter whether the respondent was Crawford Square or McCormack Baron, or even whether both entities were respondents.

After the state court adjudication, HUD sent Turner a "Determination of No Reasonable Cause," dated August 12, 2004, in which HUD explained that "[b]ased on the evidence obtained during the investigation, [HUD] has determined that reasonable cause does not exist to believe that a discriminatory housing practice has occurred" and that her complaint therefore must be dismissed. S.A. at 1.[3] HUD enclosed with its letter a "determination" on which it based its decision in which it explained "that the present investigation should be dismissed under the legal doctrine of res judicata," predicated on the state court proceedings because "HUD conclude[d] that this constitute[d] a successful defense against the present complaint." Id. at 7.

Nevertheless, HUD informed Turner that "[n]otwithstanding this dismissal by HUD, the [FHA] provides that the complainant may file a civil action in an appropriate federal district or state court." Id. at 1. A few days later, on August 18, 2004, Turner did just that, bringing a private action ("Turner I") against her landlord, Crawford Square, and its management company, McCormack Baron Management Services, Inc., ("McCormack Baron"), in the district court alleging violations of the FHA. The district court, however, granted summary judgment in favor of the defendants in Turner I by an order entered March 22, 2005, on the basis of the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-84, 103 S.Ct. 1303, 1316 (1983). In the district court's view, application of that doctrine barred Turner from challenging the state court adjudication and thereby deprived the district court of subject matter jurisdiction over her action against Crawford Square and McCormack Baron. Turner then appealed, and we are affirming the dismissal of her action on the ground of res judicata inasmuch as Turner's FHA claims in the district court in Turner I involved the same cause of action as her previously-adjudicated state court claims that had been resolved against her. See Turner v. Crawford Square Apartments III, L.P., No. 05-1979, Turner I. Nevertheless, as we explain in our opinion in Turner I, we are rejecting the district court's view that the Rooker-Feldman doctrine barred Turner's action in Turner I.

On September 10, 2004, Turner filed the present action ("Turner II") against HUD, alleging that it failed to undertake certain

---

[3]S.A. refers to the supplemental appendix that HUD filed.

mandatory duties affecting her interests that the FHA and its implementing regulations imposed on it.  In particular, Turner alleged that HUD's dismissal of her complaint based on res judicata principles violated the statutory mandate requiring it to complete an investigation and determine, based on the facts concerning the alleged discriminatory practices, whether there was reasonable cause to believe that she had been the victim of discriminatory practices.  Turner claims that HUD completed its investigation but wrongfully withheld the mandated determination of whether there was reasonable cause to believe that there were discriminatory housing practices.

On November 10, 2004, HUD moved to dismiss Turner's complaint in this case, Turner II, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The district court granted the motion, concluding that the APA did not include a provision from which the court could find a basis for allowing judicial review of HUD's disposition of Turner's complaint.  In particular, the district court determined that the APA permitted judicial review only for "final agency action for which there is no other adequate remedy in a court," and that Turner "had an adequate remedy" in court, as evidenced by her district court suit against Crawford Square and McCormack Baron in Turner I.  See App. at 8-10.[4]  The district court also noted that even if review were appropriate under the APA, there was a "strong presumption" against judicial review of agency decision concerning whether to undertake enforcement actions.  Id. at 9-10.  Lastly, the district court, acting consistently with its adjudication in Turner I, explained that application of the Rooker-Feldman doctrine provided an alternative ground compelling dismissal.

Turner then filed a timely notice of appeal in Turner II on April 11, 2005.  By this opinion we adjudicate the appeal.


### III.  JURISDICTION AND STANDARD OF REVIEW

The parties dispute whether the district court had jurisdiction, Turner asserting that it had jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1361 (All Writs Act), and HUD claiming that it did not have jurisdiction.  We, however, have jurisdiction under 28

---

[4]"App." refers to the appendix that Turner filed.

U.S.C. § 1291, and we exercise plenary review over the district court's dismissal on the grounds that the APA barred judicial review. See Raymond Proffitt Found. v. United States Army Corps. of Eng'rs, 343 F.3d 199, 203 (3d Cir. 2003).

## IV. DISCUSSION

The APA provides that agency actions are judicially reviewable if they are "made reviewable by statute," or if there was a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Neither party points to any statute making HUD's determination with respect to Turner's complaint reviewable,[5] but they disagree as to whether HUD rendered a "final agency action for which there is no other adequate remedy in a court." This question implicates section 813 of the FHA, 42 U.S.C. § 3613(a)(2), which authorizes private suits directly against perpetrators of allegedly discriminatory practices, even if, as here, HUD renders a determination that there was no reasonable cause to believe that there had been discrimination. See 42 U.S.C. § 3613(a)(2).[6]

---

[5]In fact, HUD's determination was not reviewable pursuant to statute. See Godwin v. Sec'y of Hous. and Urban Dev., 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam).

[6]Although we uphold the district court's order dismissing this action because we conclude that Turner had another "adequate remedy" in court, we consider the Rooker-Feldman doctrine in accordance with the explanation of the doctrine that the Supreme Court set forth in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517 (2005). We hold that the Rooker-Feldman doctrine is inapplicable in this case for, as the Court set forth in Exxon Mobil, the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284, 125 S.Ct. at 1521-22. Inasmuch as, in light of Exxon Mobil, there is no possible way that the Rooker-Feldman doctrine could be applicable in this case, we summarily reject HUD's reliance on it without further discussion. We, however, point out that the district court did not have the benefit of Exxon Mobil when it released its memorandum order dismissing this action as the

6

Other courts that have confronted situations like those arising from Turner's action against HUD, have held that section 813 provides an "other adequate remedy in a court," barring judicial review under the APA.[7] See Godwin v. Sec'y of Hous. and Urban Dev., 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam); Marinoff v. U.S. Dept. of Hous. and Urban Dev., 892 F. Supp. 493, 497 (S.D.N.Y. 1994), aff'd, 78 F.3d 64 (2d Cir. 1996) (per curiam). We agree with those courts.

We hold that section 813 provided Turner with another "adequate remedy" which, in fact, she pursued by filing her action in the district court against Crawford Square and McCormack Baron in

order was dated March 29, 2005, and was entered on March 30, 2005, the date that the Court decided Exxon Mobil.

[7]We have had occasion to note, albeit in dictum, that the FHA provides an adequate judicial remedy barring APA review. See Am. Disabled for Attendant Programs Today v. U.S. Dept. of Hous. and Urban Dev., 170 F.3d 381, 390 (3d Cir. 1999) ("ADAPT") ("Not only does ADAPT fail to point to a final agency action, but an adequate judicial remedy also exists."). While ADAPT arose in an administrative context different from that here, it is worth noting Turner's misplaced reliance on the case. In particular, Turner mistakenly relies on dictum in that case that reads: "If HUD refused to investigate a filed administrative claim, it could result in a violation of its duty . . . and trigger review by a court," id. at 390 (emphasis added). Appellant's br. at 10. But this dictum is clearly inapplicable here because, as Turner correctly concedes in her complaint in Turner II, HUD did undertake– and complete– an investigation. Thus, Turner uses the dictum regarding "refus[al] to investigate a filed administrative claim," to bootstrap an argument regarding HUD's decision not to bring an enforcement action, an issue which we did not address in ADAPT.

We also note that Turner points to our statement in ADAPT that following the filing of an administrative complaint HUD has a "mandatory" duty to investigate the complaint and if it finds in the investigation that there is a reasonable basis for the complaint, it "must bring a charge on behalf of the aggrieved person." Id. at 387. That language cannot help Turner because HUD did investigate the complaint but it concluded the proceeding before it with a "Determination of No Reasonable Cause."

7

Turner I.[8]  We further hold that she has not been deprived of her "adequate remedy" merely because the district court in Turner I dismissed her complaint in an order we are affirming.  In this regard we agree with the Court of Appeals for the First Circuit which held that "[a] legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of an opportunity to pursue that remedy."  Town of Sanford v. United States, 140 F.3d 20, 23 (1st Cir. 1998); see also Martinez v. United States, 333 F.3d 1295, 1319-20 (Fed. Cir. 2003) ("The fact that the complaint was untimely filed . . . does not mean that that court could not offer a full and adequate remedy; it merely means that [plaintiff] did not file his complaint in time to take advantage of that remedy."); Sable Commc'ns of California, Inc. v. FCC, 827 F.2d 640, 642 (9th Cir. 1987).

The decisions of the Courts of Appeals for the Federal Circuit in Martinez and for the Ninth Circuit in Sable Communications are illustrative of the principle that, for purposes of section 813, another remedy is not inadequate merely because the complainant cannot pursue it successfully.  In each case the court of appeals held that the plaintiff had an adequate judicial remedy barring APA review notwithstanding the fact that the plaintiff had forfeited the right to that remedy by failing to pursue it in a timely manner.  Martinez, 333 F.3d at 1320; Sable Commc'ns, 827 F.2d at 642.  Like the plaintiffs in Martinez and Sable Communications, Turner was not successful in her section 813 action under the FHA, though for a different reason.  Nevertheless, she had an opportunity to bring her case and her lack of success in it was attributable to her loss in the underlying action between her and Crawford Square and McCormack Baron in the state court.[9]

_____

[8]Our result would have been the same even if Turner had not filed suit in Turner I as her failure to seek her remedy would not have meant that she did not have an "adequate remedy in a court."

[9]To the extent that Godwin, 356 F.3d at 312-13, may be read as being inconsistent with this opinion because it indicates that "a private action remains available . . . because the two-year statute of limitations . . . has not run" we decline to follow that case.  On the other hand, Godwin, by observing that the statute of limitations had not run on a private action, might not have been implying that its result would have been different if it had run.  In that event our result would be consistent

8

## V. CONCLUSION

Inasmuch as we have concluded that 5 U.S.C. § 704 bars the judicial review sought in this action, we need not address the question of whether 5 U.S.C. § 701(a)(2), which precludes review of agency action "committed to agency discretion by law," compels dismissal of Turner's complaint. For the foregoing reasons we will affirm the order of March 30, 2005.

---

with Godwin.