ALD-259                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1576
_____

EARL A. PONDEXTER,
                                              Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; MELODY TAYLOR BLANCHER, Regional Director;
JANE MILLER, HUD Field Director; MICHAEL JENSEN, HUD Fair Housing
Director et al.; GOVERNOR OF PENNSYLVANIA; JOANN EDWARDS,
The Pennsylvania Human Relations Commission (PHRC) Executive Director;
MORGAN WILLIAMS, Assistant Chief Counsel and Acting Regional Director et al.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00086)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 15, 2019
Before:  McKEE, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 17, 2019)

—————

OPINION*

—————

PER CURIAM

Pro se appellant Earl Pondexter appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, we will summarily affirm.

In January 2019, Pondexter filed a complaint in the District Court, alleging that the U.S. Department of Housing and Urban Development (HUD) did not fully investigate his housing discrimination claim. Pondexter attached a letter from HUD indicating that its investigation was closed due to the res judicata effect of state court proceedings in which Pondexter obtained relief on the same housing discrimination claim. See Hous. Auth. of Pittsburgh v. Pondexter, No. LT-15-000568 (Pa. Ct. C.P. Allegheny Cty. Nov. 10, 2015).[1] In his federal complaint filed in the District Court, Pondexter primarily raised an Administrative Procedure Act (APA) claim, see 5 U.S.C. § 701 et seq., and related due process and equal protection claims. He sought $75,000 in damages. The District Court screened the complaint, dismissed it under 28 U.S.C. § 1915(e)(2)(B), and concluded that amendment would be futile. This appeal ensued.

—————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] This matter is referenced in the documents attached to Pondexter's complaint, and it is a matter of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

We have jurisdiction under 28 U.S.C. § 1291. We construe Pondexter's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit L.A.R. 27.4; Third Circuit I.O.P. 10.6.

We will affirm the dismissal of Pondexter's APA claim based on our determination that the District Court lacked jurisdiction to review that claim. "The APA provides that agency actions are judicially reviewable if they are 'made reviewable by statute,' or if there was a 'final agency action for which there is no other adequate remedy in a court.'" Turner v. Sec'y of the U.S. Dep't of Hous. & Urban Dev., 449 F.3d 536, 539 (3d Cir. 2006) (quoting 5 U.S.C. § 704). In Turner, we squarely addressed an APA claim based on HUD's dismissal of a housing discrimination investigation due to the res judicata effect of related state court proceedings. See id. at 537. We held that the district court lacked jurisdiction because no statute provides for judicial review of HUD's action and because "section 813 of the [Fair Housing Act], 42 U.S.C. § 3613(a)(2), which authorizes private suits directly against perpetrators of allegedly discriminatory practices, . . . provides an 'other adequate remedy in a court,' barring judicial review under the APA." Id. at 539–40 (quoting 5 U.S.C. § 704). As in Turner, Pondexter's APA claim here was based on HUD's determination that it would no longer pursue an investigation of his housing discrimination claim due to the res judicata effect of related state court proceedings. Therefore, as in Turner, the District Court lacked jurisdiction to review the APA claim here.

3

The District Court properly dismissed Pondexter's related due process and equal protection claims.[2] Pondexter failed, among other threshold deficiencies, to allege that the defendants were personally involved in the alleged civil rights violations. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). But even assuming that he might be able to allege the personal involvement of some defendant, those claims would still fail. To the extent that Pondexter retains a procedural due process right in this context,[3] he cannot plausibly allege that it was violated, because he received considerable process in the state courts and had ample opportunity to be heard. Cf. Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks omitted)). Pondexter's equal protection claims fail because he cannot plausibly allege that the defendants treated him differently from persons who are similarly situated or that the defendants engaged in intentional or purposeful discrimination in closing the investigation of his housing discrimination complaint.[4] See Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003); see also City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439–40 (1985).

---

[2] Pondexter brought these claims pursuant to 42 U.S.C. § 1983, and we liberally construe his § 1983 claims against the federal defendants as claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] Cf. SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 742 (1984) ("The Due Process Clause is not implicated . . . because an administrative investigation adjudicates no legal rights . . . ."); Georator Corp. v. EEOC, 592 F.2d 765, 768 (4th Cir. 1979) (no due process right was implicated in the investigative, non-adjudicatory procedures of the EEOC).

[4] Of course, we express no opinion on the merits of Pondexter's underlying housing discrimination claim, which is not at issue here.

Pondexter also raised claims of criminal collusion, conspiracy, and making false statements under 18 U.S.C. § 1001, based on his allegations that the defendants lied to his congressional representatives about the status of HUD's investigation. Those claims fail because Pondexter lacks a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279–86 (2002); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Finally, Pondexter's Freedom of Information Act (FOIA) claims are meritless. There are multiple threshold deficiencies with these claims as well, including that FOIA claims may not be brought against the individual defendants here, see, e.g., Drake v. Obama, 664 F.3d 774, 785–86 (9th Cir. 2011) (collecting cases), and that Pondexter sought only money damages, which are not available under FOIA, see, e.g., Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 675 n.1 (7th Cir. 2009); Johnson v. City of Shorewood, 360 F.3d 810, 816 (8th Cir. 2004). In any event, Pondexter's request for only money damages highlights a substantive flaw with his FOIA claims—he did not plausibly allege that any specific agency records have been improperly withheld. See 5 U.S.C. § 552(a)(3)(A); cf. Biear v. Att'y Gen. U.S., 905 F.3d 151, 156 (3d Cir. 2018). Nor does it appear that he could, as Pondexter did not dispute the representations from HUD—in a letter attached to his complaint—that HUD had fully granted his FOIA request and had provided him with all documents responsive to his FOIA request.

Thus, the District Court properly dismissed Pondexter's complaint with prejudice. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's judgment.