**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1740
_____

JACQUELINE R. HUMPHRIES,
                                          Appellant
v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; MATTHEW
HECKLE, Regional Mgr. HUD; RACHEL LEITH, Enforcement Director; ADRIANNE
TODMAN, Acting Director; RUBEN COLON QUINIONES, FHEO Officer; BIANCA
GRAHAM, FHEO Officer; BRADLEY HELLMAN, FHEO Officer; CAROLYN
PUNTER, FHEO Director; JEFFREY PHAUP, FHEO Enforcement Officer; ERIK L.
STEINECKER; CHRISTOPHER M. FONTANESI, OIG Officer; LISA-MAY L.
BELARBIA FERRAH, FHEO Officer; RICHARD LEW, FHEO Officer, Defendants
sued in individual capacity as well for $400,000.00 each
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:24-cv-04184)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 22, 2026)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jacqueline Humphries appeals from the District Court's dismissal of her complaint. For the reasons that follow, we will affirm the District Court's judgment.

In 2024, Humphries filed a federal complaint, raising claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Fair Housing Act ("FHA"). Humphries appeared to allege that her former landlord had illegally charged her rent beyond what her Section 8 voucher allowed, which she paid, but when she stopped paying that higher amount, she was evicted. Humphries filed complaints of housing discrimination and asked HUD to investigate this issue, but she maintains that her complaints were not properly investigated. She also claimed that she was denied ADA accommodations when she was required to speak with individuals on the phone instead of communicating in writing, as she requested. Humphries named HUD and various individual employees at HUD and other federal agencies as defendants.

After granting Humphries leave to proceed in forma pauperis, the District Court screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim upon which relief could be granted. Humphries sought reconsideration, which was denied, and then timely appealed.[1]

---

[1] Humphries' requests for reconsideration of the District Court's December 5, 2024 dismissal were submitted to the District Court on December 23, 2024, but were not docketed until January 7, 2025. The District Court appropriately construed these filings as timely motions pursuant to Federal Rule of Civil Procedure 59(e). Humphries' appeal

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Humphries' allegations liberally and exercise plenary review over the District Court's dismissal of her complaint. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court properly dismissed Humphries' ADA claims, where she appeared to be proceeding under Title II, as the ADA does not apply to federal agencies. *See* 42 U.S.C. §§ 12131(1), 12132; *Cellular Phone Taskforce v. Fed. Commc'ns Comm'n*, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) ("Title II of the ADA is not applicable to the federal government."). There is also no individual liability under the ADA for the defendants sued in their individual capacities. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc). Although Humphries brought a related claim under Section 504 in her complaint, she does not make any arguments about this claim in her appellate brief and has thus forfeited it. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

To the extent that Humphries sought to bring FHA claims against HUD or HUD employees for failing to investigate her online complaints, the FHA contains no private right of action against HUD for failing to investigate or issue a charge of discrimination. *See Turner v. Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 449 F.3d 536, 540 & n.5 (3d Cir.

---

thus encompasses both the underlying dismissal and the denial of reconsideration. *See Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 78 (3d Cir. 1982) ("A timely appeal from an order denying a Rule 59 motion to alter or amend brings up the underlying judgment for review.").

3

2006); *Godwin v. Sec'y of Hous. & Urb. Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004).

Humphries cited other federal statutes in her complaint, such as 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242, and various federal regulations, but she does not discuss these statutes in her appellate brief and has thus forfeited any related claims. *See Wettach*, 811 F.3d at 115. Humphries also does not address the District Court's denial of her requests for reconsideration, making any challenge to that decision forfeited as well. To the extent that Humphries adds new statutory citations in her appellate brief, the Court does not consider issues raised for the first time on appeal, and in any event, Humphries does not explain how these statutes provide a cause of action to sue any named defendant. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

Finally, the District Court did not abuse its discretion in dismissing Humphries' complaint without leave to amend. Amendment would have been futile, as Humphries could not add factual allegations to overcome the barriers to relief discussed above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] Humphries' pending motions are denied.